AMBROSE A. CRABBE *vs.* JOHN E. KAULER.

Middlesex.    December 6, 1932. — December 8, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract,* What constitutes.

Where, at the trial of an action of contract by an employee against his employer for use of an automobile owned by the plaintiff and used in the defendant's business, testimony by the plaintiff was categorical to the effect that, as a part of arrangements for his employment by the defendant, use of the automobile and compensation therefor in a reasonable amount were agreed upon, and that in accordance with those arrangements the plaintiff so used his automobile for a considerable period of time, it was proper to refuse to order a verdict for the defendant and to refuse to rule that the plaintiff was not entitled to recover for such use.

CONTRACT, with a declaration upon an account annexed containing two items, the first for money lent and salary

earned by the plaintiff in the defendant's employ, and the second for use of the plaintiff's automobile in the defendant's business. Writ dated December 28, 1931.

In the Superior Court, the action was tried before *J. J. Burns*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked, as to the second item in the declaration, that a verdict be ordered and a ruling be given in his favor. The motion was denied and the ruling was refused. There was a verdict for the plaintiff in the sum of $4,224.14, of which $1,627.50 was for use of the plaintiff's automobile. The defendant alleged exceptions, his counsel stating in this court that he was aggrieved only so far as the rulings at the trial referred "to the item of $1,627.50, for compensation for use of automobiles."

*R. H. Peacock*, for the defendant.

*W. H. Irish*, for the plaintiff.

BY THE COURT. The only point argued by the defendant is that his request for instructions to the effect that the plaintiff was not entitled to recover for use of an automobile ought to have been granted. The testimony of the plaintiff was categorical to the effect that as a part of arrangements for the employment of the plaintiff by the defendant the former should use his own automobile in connection with the business of the defendant and was to be compensated therefor in a reasonable amount, and that in accordance with those arrangements the plaintiff used his automobile for a considerable period of time. The evidence was conflicting whether this was the actual agreement made between the parties and whether it was modified by subsequent arrangements between them. Without summarizing the testimony further it is plain from the entire record that whether the plaintiff was entitled to recover for the use of his automobile was a question of fact and could not rightly have been ruled as matter of law.

*Exceptions overruled.*